UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANDRE NELSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:16-CV-640-MGG |
| WARDEN, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Andre Nelson, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (WCC 15-08-261) where a Disciplinary Hearing Officer (DHO) found him guilty of threatening in violation of Indiana Department of Correction (IDOC) Policy B-213 on September 10, 2015. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted from Credit Class 1 to Credit Class 2. *Id.* The Warden has filed the administrative record and Nelson filed a traverse. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Nelson argues there are two grounds which entitle him to habeas corpus relief.

In one ground in his petition, Nelson asserts the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2-3. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Nelson was found guilty of violating IDOC offense B-213 which prohibits inmates from "[c]ommunicating to another person a plan to physically harm, harass or intimidate that person or someone else." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Nelson as follows:

> On above date and time I Officer Williams was approached by offender Nelson #934979 who told me that he was a rec worker and needed to be let out. I told offender Nelson #934979 that I was only instructed to let out one offender and it was not him. At this point offender Nelson #934979 became angry and beligerant [sic] and stated "and y[']all wonder why we go off, and why y[']all be having problems with us." As I was making my pipe round offender Nelson #934979 was standing in the bathroom doorway. As I walked by offender Nelson #934979 stated "I don't know what her problem is but she got me messed up. She needs to get her attitude in check before something happens to her."

ECF 8-1 at 1.

Offenders Jason Small and Keith Smith provided statements regarding the incident. ECF 8-3 at 1, 8-4 at 1. Here, Offender Small stated:

> Mr. Nelson asked the officer to call his supervisor because he was on a count letter to referee a volleyball game, but the officer would not let him leave. Mr. Nelson then asked for a white hat, but his request was refused each time. Someone else asked for a white hat and was refused also. Later when one came the Sgt apologized because when he called the rec supervisor he said he was to be released at this time. The unit ofc began cussing out the Sgt, stormed out [of] the office slamming the door. Mr. Nelson never made any threatening [sic] statements.

ECF 8-3 at 1.

Offender Smith also provided a statement:

> I know that, Mr. Nelson, asked the officer to call, the Rec. Dept, about him going to work because he refereed a volleyball game, I never heard him saying anything threatening to this officer, and I was with him all the time she was going off. She was very upset.

ECF 8-4 at 1.

Furthermore, Sergeant Webb made the following statement regarding the incident:

> On the above date in question, I, Sergeant Webb was called to N-1 dorm by Officer Williams. Upon arrival Officer Williams appeared upset and requested I remove J3 Nelson DOC #934979 from the dorm. During the time I was present on the dorm there were no threats made from J3 Nelson DOC #934979. However, I was not present as to when the alleged threats were made before I arrived on the dorm.

ECF 8-5 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Nelson guilty of threatening in violation of offense B-213. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In this case, Officer Williams, the reporting officer, provided a detailed account of the remark Nelson made to her when she was performing her pipe round on August 11, 2015. ECF 8-1 at 1. Specifically, she memorialized the fact that when she walked by Nelson, who was standing in the bathroom doorway, he told her she needed "to get her attitude in check before something happens to her." *Id*. Given the nature of Nelson's words, it was reasonable for Officer Williams to believe that Nelson meant she needed to change her attitude or she would be assaulted in some manner. Thus, the remark "before something happens to her" was meant to be a threat,

4

and because Nelson spoke to Officer Williams as she walked past him, she would be sure to hear it. Given Officer Williams's detailed conduct report in which she memorialized Nelson's threatening statement, along with staff reports, the offender's statement, and evidence from witnesses, there was more than "some evidence" for the DHO to conclude he was guilty of violating offense B-213. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"); *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Because the DHO's finding was neither arbitrary nor unreasonable in light of the facts presented in this case, Nelson's challenge to the sufficiency of the evidence is without merit and does not provide a basis for habeas corpus relief.

Nevertheless, Nelson maintains that his due process rights were violated because the conduct report was not offered as a sworn statement or document. ECF 1 at 2-3. As to this claim, Nelson has not met the exhaustion requirement contained in 28 U.S.C. § 2254(b). To have exhausted his administrative remedies, Nelson must have properly presented this issue at each administrative level. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). However, notwithstanding Nelson's failure to exhaust, the court may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). Because there is no due

process requirement in disciplinary cases that evidence be offered as sworn statements or documents, Nelson has failed to identify a basis for granting habeas corpus relief. *Hill*, 472 U.S. at 454.

In his petition, Nelson further argues that his due process rights were violated because his requests for video evidence and the housing unit log book were denied. ECF 1 at 2. Here, Nelson claims he requested video footage to show that he did not threaten Officer Williams and she was removed from the area rather than him. ECF 8-2 at 1. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). In other words, due process only requires access to evidence that is exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence).

Contrary to Nelson's assertion, he was not denied the right to present evidence at his hearing. The DHO denied Nelson's requests for video evidence and the housing unit log book because they were irrelevant. ECF 8-2 at 1, 8-8 at 1, 8-10 at 1. Here, the video footage did not include an audio recording so that evidence would not have been relevant to the issue of whether Nelson threatened Officer Williams. There is also no dispute that Officer Williams was upset by Nelson's statement and she left the area after Sergeant Webb arrived, which is what Nelson alleges the video footage would have

6

shown. ECF 8-2 at 1. Sergeant Webb confirmed that when he arrived on the floor Officer Williams appeared to be upset. ECF 8-5 at 1. Because Officer Williams did not state in the conduct report that Nelson acted aggressively toward her or otherwise approached her in a threatening manner, video evidence of the incident would be irrelevant without an audio recording. Because the video footage was irrelevant and does not constitute exculpatory evidence, Nelson's request for this evidence was properly denied.

Similarly, Nelson's request for the housing unit log book was irrelevant to whether he verbally threatened Officer Williams. While Nelson requested the log book to show that a signal was not called on the floor when he allegedly threatened Officer Williams, it appears from the record that she did not report the threat until after she was already off the floor and away from potential danger. The contents of the log book were irrelevant to the issue of whether Nelson made a threatening remark to Officer Williams. As such, Nelson's request for the log book was irrelevant to the charged offense and would not constitute exculpatory evidence.

Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Piggie*, 342 F.3d at 666. But here Nelson has not identified anything from the video footage or housing unit log book that would prove to be exculpatory or might have aided his defense. Thus, even if the hearing officer

7

improperly excluded this evidence, it would have been a harmless error. Therefore, this ground does not identify a basis for granting habeas corpus relief either.

If Nelson wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Andre Nelson's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to edit the docket changing the respondent to Warden pursuant to Indiana Code 11-8-2-7. Furthermore, the clerk is DIRECTED to close this case.

SO ORDERED on November 21, 2018

<u>S/Michael G. Gotsch, Sr.</u>
Michael G. Gotsch, Sr.
United States Magistrate Judge